**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOAN DALEY-GOH** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CATHOLIC SR. HOUSING & HEALTH** | : | **NO. 14-7379** |

**MEMORANDUM**

**SÁNCHEZ, J.** **JANUARY 8, 2015**

Plaintiff Joan Daley-Goh filed a motion to proceed *in forma pauperis* and a complaint against Catholic Sr. Housing and Health, her former employer. The basis for her claim is that she was denied unemployment compensation benefits after her termination. Plaintiff alleges that she appealed the initial denial of her application for unemployment benefits and was given a date for a hearing. When she missed that hearing, the referee found against her. Plaintiff alleges that she was unable to attend the hearing because she had a doctor's appointment, although she does not indicate that she attempted to change the date of her hearing on that basis. She filed the instant action because she wants "a day in court to tell why [she] was unable to attend [her] hearing and that she was very sick and confused due to [her] recent surgery." (Compl. ¶ V.) For the following reasons, the Court will dismiss plaintiff's complaint.

As it appears that plaintiff is not capable of paying the filing fee, she will be granted leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted). As plaintiff is proceeding *pro se*, the Court will construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

The Court cannot discern any basis for a plausible claim based on the allegations of the complaint. Plaintiff's former employer—the only defendant in this case—is not responsible for the fact that she missed her hearing. Furthermore, if plaintiff sought to challenge the referee's denial of her application on the basis that she could not attend the hearing, she could have done so by appealing to the appropriate state agency. As it appears that amendment would be futile, the Court will dismiss this case with prejudice. An appropriate order follows, which shall be docketed separately.